CURRIER *v.* ROSEBROOKS AND THE TOWN OF BRIGHTON.

[IN CHANCERY.]

*Chancery.*

It is not optional with a party whether he will proceed at law or in chancery. He *cannot* resort to chancery where his remedy is adequate at law.

APPEAL from the Court of Chancery.

The bill alleged that the selectmen of Brighton, on the 10th of February, 1847, leased fifteen acres of school lot 38 in the first division, to Harlow B. Walter, his heirs and assigns, by perpetual lease, reserving an annual rent of $1.80; that Walter then assigned said lease to one Coe, who went into possession thereunder, and remained in possession until December 1, 1863, when he conveyed to the Island Pond Copper Mining Co.; that said company thereupon went into and held possession until April 4, 1864, when it conveyed to the Island Pond Copper Manufacturing Co., which

said last-named company went into and held possession until the date of the orator's deed hereafter mentioned; that on May 9, 1867, one Fennessey claimed to have an execution against said manufacturing company, issued on a judgment recovered by him at the March Term, 1867, of the Essex County Court, and which he levied on 45 acres of lot 39 in said Brighton, drawn to the right of Colton Gibson, and claimed to have levied the same on the whole or a part of the land first above mentioned; that said lands were attached on the original writ in said suit on March 17, 1866, and after said manufacturing company had conveyed said lands to the orator as hereafter stated; that said writ was never served on said company, and said company never appeared in the suit, and that said execution issued without bonds for a review, and was void; that said Fennessey, after the time of redemption had expired, conveyed said lands to one Rosebrooks, who entered upon the land described in said lease, and had ever since remained in possession, claiming the same under said levy; that on January 17, 1866, said manufacturing company conveyed all of said lands to the orator; that on May 9, 1867, Gilkey & Dennison claimed to have an execution against said mining company, issued on a judgment recovered by them at the September Term, 1866, of said court, and which they levied on a part of said 45 acres, and thereafterwards conveyed that part to said Fennessey, who at the same time conveyed the same, and all of said lands, to said Rosebrooks as aforesaid, and that said Rosebrooks, under both of said levies, claimed the whole of said 45 acres and said 15 acres; that Gilkey & Dennison sued out their writ and attached said lands on August 21, 1865, and after said mining company conveyed the same to said manufacturing company as aforesaid, and that their execution was void for the same reason that the said Fennessey's was, and that said Rosebrooks derived no title from said Fennessey, and that the legal title to said lands was in the orator, and that the rent of the 15 acres had always been paid; that on August 31, 1869, the orator brought ejectment against said Rosebrooks for said lands; that said Rosebrooks pretended that said lease was forfeited for the non-payment of rent, and that on August 30, 1869, the selectmen of Brighton gave the said Rosebrooks a per-

petual lease of said 15 acres, reserving an annual rent of $1.80, which said lease the said Rosebrooks had caused to be recorded, and under which he claimed title against the orator.

The bill charged that said last-named lease was fraudulently given, with intent to defeat the orator's suit of ejectment, and prayed that an account might be taken of all rents paid and unpaid on said first-named lease, and that if anything was found due thereon to said Brighton, that the orator might be permitted to pay the same; that the cloud resting upon the orator's title by reason of said levies and said last-named lease, be removed; that said Rosebrooks be enjoined from setting up any title under said lease to him; and for general relief.

The town answered, admitting the conveyances and levies named in the bill, and averring that the rent on said first-named lease was largely in arrear, and that said Fennessey paid the same, whereupon the town executed a lease to him as alleged, but for no fraudulent purpose. Said Rosebrooks answered, denying that said mining company conveyed to said manufacturing company as alleged, insisting that the orator's deed from said last-named company was defective and void, alleging that said executions were valid, and claimed under the same, and under his said lease, and insisted that the first-named lease had become void for non-payment of rent.

The answers were traversed, and testimony taken.

At the hearing before Ross, Chancellor, September Term, 1874, the bill was dismissed with costs. Appeal by the orator.

*Henry Heywood,* for the orator.

*Geo. N. Dale* and *D. S. Storrs,* for the defendants.

The opinion of the court was delivered by

BARRETT, J. The right claimed by the orator in the land in question, was created by the lease of the selectmen of Brighton to Walter in 1847, and has come to the orator by the assignment of said lease to Harvey Coe, and by the deed of said Coe to the Island Pond Copper Mining Co., and by the deed of said company to the

Island Pond Copper Manufacturing Co., and by the deed of said last-named company to the orator.

The quality and strength of the title of the orator depend primarily upon the legal quality and effect of said instruments of conveyance, unaffected by any elements or considerations of an equitable nature.

The defendants controvert the orator's claim of right thus created and transferred to him, by asserting a forfeiture of right under said lease, and a supervening lease of the same premises to him, and by the levy of Fennessey's execution in May, 1867, and a conveyance by Fennessey to defendant Rosebrooks, and by levy in May, 1867, of an execution of Gilkey & Dennison, and a conveyance by them to Fennessey, and by him to said Rosebrooks. Now what is thus asserted as thwarting any right in the orator created by the lease to Walter and the conveyances terminating in the orator, depends, for operation and effect on the asserted right and title of the orator, entirely upon the legal quality of said second lease and of said levies and conveyances terminating in the defendant Rosebrooks, not enhanced or depreciated by any equitable elements or considerations. The controversy is one of legal title, not of equitable right. There is nothing in the case by way of cloud to be removed, except purely the legal right of the defendant as created by and resulting from said lease and conveyances to him. The ascertainment of facts on which the rights of either party depend, requires no aid from the Court of Chancery by way of discovery, nor, indeed, does the bill allege any need of aid in this respect.

And though the bill prays for an account to be taken, it sets forth no such state of facts as would render the interposition of the Court of Chancery necessary in that behalf, if all should be assumed to be true as alleged, and the right and title should be accorded to the orator as he claims it.

If there has been no forfeiture under the first lease, then so far as right under that is concerned, the town has a claim for the rent in arrear as stipulated in the lease. If there has been a forfeiture, there is no ground alleged for being relieved from it by this proceeding. If the orator has the title he alleges, as against the de-

fendants, he can assert and establish it as effectually, and have remedy as fully for the infringement of it by the defendants, in his action of ejectment as in this proceeding in chancery.

The damage for the eviction and the *mesne* profits can as well be ascertained and recovered in the ejectment as in this suit. It is not optional with the party whether he will proceed at law or in chancery. Chancery is accessible only when his legitimate needs cannot be answered in a suit at law.

Without prejudice to his rights in a suit at law, the decree dismissing the bill is affirmed.